**DYKEMA GOSSETT** LLP
Allan Gabriel (SBN 76477)
agabriel@dykema.com
333 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone:  (213) 457-1706
Facsimile:  (213) 457-1850
Aaron D. Charfoos (IL 6277242)
*acharfoos@dykema.com*
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
Telephone:  (312) 876-1700
Facsimile:   (312) 876-1155

*Attorneys for Plaintiffs*
*LINAK A/S and LINAK U.S., INC.*

**FINNEGAN** LLP
Parmanand K. Sharma (*Pro Hac Vice*)
anand.sharma@finnegan.com
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone:  (202) 408-4000

Michael C. Elmer (SBN 60366)
michael.elmer@finnegan.com
2 Overlook Drive
Newport Beach, CA  92657
Telephone:  (949) 715-5262

Shaobin Zhu (SBN 257626)
shaobin.zhu@finnegan.com
Mirae Asset Tower, 28/F, Unit A-B
No. 166 Lujiazui Ring Road, Pudong
Shanghai, China  200120
Telephone:  (011) 86 21 6194 2000

*Attorneys For Defendants*
*CHANGZHOU KAIDI ELECTRICAL*
*CO., LTD. AND KAIDI, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DISTRICT

| | |
|---|---|
| LINAK A/S, and LINAK U.S., INC.<br><br>Plaintiffs,<br><br>v.<br><br>CHANGZHOU KAIDI ELECTRICAL CO., LTD., and KAIDI, LLC,<br><br>Defendants. | Case No. 2:14-cv-08861<br><br>Assigned to Hon. S. James Otero<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

## 1.   **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to protected or confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Central District of California Civil Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

## 2.   **DEFINITIONS**

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>:  "CONFIDENTIAL" shall mean information that a Designating Party reasonably and in good faith considers to constitute confidential technical, sales, marketing, financial, or business information, other sensitive personal or commercial information, or private information subject to protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" information shall be so designated pursuant to the protocol set forth below, and the use and disclosure of such information shall be restricted as set forth in this Protective Order.

CHICAGO\4551101.1
ID\SMAL - 066383\0170

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, depositions, documents, information, or things produced or disclosed by a Party or Non-Party in connection with this action, whether in initial or amended disclosures, expert reports, in response to requests for production of documents, requests for inspections of things, answers to interrogatories, responses to requests for admissions, answers to deposition questions, or in any other discovery or disclosure process undertaken in this action), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  For purposes of this Protective Order, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall mean information which qualifies for protection under Federal Rule of Civil Procedure 26(c), *and* which comprises or contains particularly sensitive information, including trade secrets of a technical nature or sensitive, highly confidential, nonpublic business information,

CHICAGO\4551101.1
ID\SMAL - 066383\0170

such as financial, regulatory, or strategic information, the disclosure of which to individuals who are authorized to receive CONFIDENTIAL information would put the Producing Party at a competitive disadvantage.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be so designated pursuant to the protocol set forth below, and the use and disclosure of such information shall be restricted as set forth in this Protective Order.

2.8    <u>House Counsel</u>: attorneys who are employees of a Party to this action or, in the case of a Party or parent of a Party with its principal place of business outside the United States, non-attorney employees whose primary job is overseeing litigation and/or licensing.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, and retained experts (and their support staff).

2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

CHICAGO\4551101.1
ID\SMAL - 066383\0170

3.      **SCOPE**

This Protective Order shall be applicable to and govern all Disclosure or Discovery Material.  Counsel for any Designating Party may designate Discovery Material under the terms of this Protective Order only if such counsel in good faith believes that it is subject to protection under Federal Rule of Civil Procedure 26(c).

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is public at the time of disclosure to a Receiving Party or becomes public after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and through means other than formal discovery.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, and the Designating Party agrees, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

CHICAGO\4551101.1
ID\SMAL - 066383\0170

1  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

2  each portion, the level of protection being asserted.  Where a document is produced in

3  a magnetic, electronic, digital or similar medium the document shall be designated by

4  placing a label, marked with the appropriate designation, on the diskette, CD,

5  cartridge, or similar physical container, containing the document.

6         A Party or Non-Party that makes original documents or materials

7  available for inspection need not designate them for protection until after the

8  inspecting Party has indicated which material it would like copied and produced.

9  During the inspection and before the designation, all of the material made available

10  for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY." After the inspecting Party has identified the documents it wants copied and

12  produced, the Producing Party must determine which documents, or portions thereof,

13  qualify for protection under this Order. Then, before producing the specified

14  documents, the Producing Party must affix the appropriate legend

15  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY") to each page that contains Protected Material. If only a portion or portions of

17  the material on a page qualifies for protection, the Producing Party also must clearly

18  identify the protected portion(s) (e.g., by making appropriate markings in the margins)

19  and must specify, for each portion, the level of protection being asserted.

20         (b)   for testimony given in deposition or in other pretrial or trial

21  proceedings, that the Designating Party identify on the record, before the close of the

22  deposition, hearing, or other proceeding, all protected testimony and specify the level

23  of protection being asserted. When it is impractical to identify separately each portion

24  of testimony that is entitled to protection and it appears that substantial portions of the

25  testimony may qualify for protection, the Designating Party may invoke on the record

26  (before the deposition, hearing, or other proceeding is concluded) a right to have up to

27  14 days after receipt of the transcript to identify the specific portions of the testimony

28

1  as to which protection is sought and to specify the level of protection being asserted.

2  Only those portions of the testimony that are appropriately designated for protection

3  within the 14 days shall be covered by the provisions of this Stipulated Protective

4  Order. Alternatively, a Designating Party may specify, at the deposition or up to 14

5  days afterwards if that period is properly invoked, that the entire transcript shall be

6  treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

7  EYES ONLY."

8        Transcripts containing Protected Material shall have an obvious legend

9  on the title page that the transcript contains Protected Material, and the title page shall

10  be followed by a list of all pages (including line numbers as appropriate) that have

11  been designated as Protected Material and the level of protection being asserted by the

12  Designating Party. The Designating Party shall inform the court reporter of these

13  requirements. Any transcript that is prepared before the expiration of the 14-day

14  period for designation shall be treated during that period as if it had been designated

15  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

16  otherwise agreed. After the expiration of that period, the transcript shall be treated

17  only as actually designated.

18        (c)    for information produced in some form other than documentary

19  and for any other tangible items, that the Producing Party affix in a prominent place

20  on the exterior of the container or containers in which the information or item is stored

21  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

22  EYES ONLY."  If only a portion or portions of the information or item warrant

23  protection, the Producing Party, to the extent practicable, shall identify the protected

24  portion(s) and specify the level of protection being asserted.

25        5.3    Inadvertent Failures to Designate. Inadvertent failure to designate

26  Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY" shall not constitute a waiver of such claim and may be

28

CHICAGO\4551101.1
ID\SMAL - 066383\0170

corrected by prompt supplemental written notice upon discovery of such failure designating such Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner consistent with Paragraph 11.  The Party receiving such supplemental written notice shall thereafter treat materials or information so designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate, and such Discovery Material shall be fully subject to this Protective Order as if it had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to access to such Discovery Material under the terms of this Protective Order and prevent further disclosures except as authorized under the terms hereof.

**6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

     6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Nor does a failure to challenge a designation mean that a Receiving Party agrees that Discovery Material so designated meets the criteria to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or is otherwise a trade secret or protectable.

     6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a

CHICAGO\4551101.1
ID\SMAL - 066383\0170

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

　　　　6.3　　Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party must file a motion with the Court pursuant to Central District of California Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge, or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in preceding Section 6.2.

　　　　The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.　　ACCESS TO AND USE OF PROTECTED MATERIAL

　　　　7.1　　Basic Principles. Except as the Designating Party or its counsel may otherwise agree in writing, or as the Court may otherwise order, all Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

CHICAGO\4551101.1
ID\SMAL - 066383\0170

ATTORNEYS' EYES ONLY" and received by any Receiving Party pursuant to this Protective Order:  (a) shall be disclosed only to such persons and in such manner as authorized in this Protective Order; (b) shall be used solely for the purposes of this action and not for any other purposes, including, without limitation, any business or commercial purpose, or purposes of any litigation or dispute outside this action. The prohibitions on the use or disclosure of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material as set forth in this Protective Order shall survive the Final Disposition of this action.

This Protective Order has no effect upon, and shall not apply to, a Party's or Non-Party's use of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material, or any other materials in its own possession, for any purpose. Without limiting the generality of the foregoing, nothing in this Protective Order shall: (i) prevent a Designating Party from disclosing its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material to its officers, directors, employees, agents, or advisors, including investment bankers and accountants; or (ii) impose any restrictions on the use or disclosure by a Party or Non-Party of its own Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Notwithstanding any other provision of this Protective Order, nothing in this Protective Order shall prohibit any counsel from rendering advice to his or her client in connection with this action, so long as the content of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material from another Party or Non-Party is not revealed or disclosed in the course of such advice other than as permitted by this Protective Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

CHICAGO\4551101.1
ID\SMAL - 066383\0170

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     Counsel to the Parties in this action (Outside Counsel of Record and House Counsel, including members of the outside counsel firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical, and other regular or temporary employees);

(b)     Consultants and vendors of such Counsel to the Parties (including trial consultants, jury consultants, and service vendors such as outside copying services, outside litigation support services, translations services or graphics, design, or document handling services/consultants retained in connection with this action for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings) ("Consultants and Vendors"), that have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     Up to three (3) directors or employees of the Parties assisting Counsel for the purposes of this action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)     Witnesses (other than witnesses and deponents otherwise covered by (a) through (c) above), and their counsel, during the course of depositions or testimony in this action, provided that the witness must first execute a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A before being shown such information;

(e)     Experts assisting Counsel for the Parties in this action, and only to the extent necessary for the Expert to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this action, subject to the provisions of Paragraph 7.4 below;

---

CHICAGO\4551101.1
ID\SMAL - 066383\0170

(f)     Any Non-Party witness to the limited extent that the Discovery Material indicates on its face that the witness authored or received the Discovery Material in the ordinary course of business, provided that (i) the witness shall only be shown the specific portions of the Discovery Material to which access is permitted in this subparagraph, with all other designated material redacted, (ii) the witness must first execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A) before being shown such Discovery Material.  This subparagraph shall also permit disclosure to a Non-Party Rule 30(b)(6) deponent of any Discovery Material which indicates on its face that it was authored or received by the Non-Party or the Non-Party's employer, subject to the provisions of subsections (i) and (ii) hereof;

(g)     The Court and its staff and administrative personnel, and Court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court; and

(h)     Any other person only upon order of the Court or upon stipulation of the Designating Party.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     Outside Counsel of Record (including members of the outside counsel law firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees);

(b)     Consultants and Vendors of Outside Counsel to the Parties that have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     Witnesses in the course of deposition in this action who appear on the face of the document designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to have been a sender or recipient thereof (as well as, in the case of Non-Party deponents, counsel representing them during their deposition), provided that (i) the witness shall only be shown the specific portions of the Discovery Material to which access is permitted in this subparagraph, with all other designated material redacted, and (ii) the witness must first execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A) before being shown such Discovery Material. This subparagraph shall also permit disclosure to a Non-Party Rule 30(b)(6) deponent in the course of deposition in this action of any Discovery Material which indicates on its face that it was authored or received by the Non-Party or the Non-Party's employer, subject to the provisions of subsections (i) and (ii) hereof;

(d)     Experts assisting Counsel for the Parties in this action, and only to the extent necessary for the Expert to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this action, subject to the provisions of Paragraph 7.5 below;

(e)     The Court and its staff and administrative personnel, and Court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court; and

(f)     Any other person only upon order of the Court or upon stipulation of the Designating Party.

7.4     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material may be provided to Experts only

to the extent necessary for the Expert(s) to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this action, provided that such Expert, and any of their employees working on this matter:  (i) is not currently, and has not since January 2009 been a competitor of the Designating Party, or a partner, director, officer, employee, or other affiliate of such a competitor; (ii) is using said "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material solely in connection with the rendition of expert services to counsel for a Party to this action; and (iii) signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A).  Counsel to the Party using the Expert shall be responsible for obtaining the signed "Acknowledgement and Agreement to Be Bound" (Exhibit A), retaining the original, executed copy, and serving it on counsel for all Parties. Acknowledgement and Agreement to Be Bound" (Exhibit A) for the Expert's employees need not be served.

(b)     At least ten (10) business days prior to providing an Expert with any information that has been designated by another Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," counsel must first identify the Expert in writing by electronic mail to the Designating Party.  This written identification shall (1) identify the general categories of "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks to disclose to the Expert, (2) set forth the full name of the Expert and the city and state of his or her primary residence, (3) attach a copy of the Expert's current resume, (4) identify the Expert's current employer(s), (5) identify each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identify (by name and number of the case, filing date, and location of court) any litigation in connection with which the

CHICAGO\4551101.1
ID\SMAL - 066383\0170

Expert has offered Expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  A Party that makes a request and provides the information specified in this paragraph may disclose the subject Protected Material to the identified Expert unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party.

(c)     Should the Designating Party object to the disclosure of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material to that Expert, the Parties shall meet and confer on that objection to the designated Expert pursuant to Central District of California Civil Local Rule 37-1 within ten (10) business days of the objection having been made. If the meet and confer does not resolve the dispute, the Party seeking to make the disclosure to the designated Expert may file a motion as provided in Central District of California Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated Expert.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1    <u>Notification of Disclosure Pursuant to Subpoena or Court Order</u>.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2    <u>Procedures for Obtaining a Protective Order</u>.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Party receiving the subpoena or court order shall be entitled to comply with such subpoena or court order unless a motion to quash or modify the subpoena is filed before the time required for compliance, and the Designating Party provides timely notice of the motion seeking to quash or modify the subpoena or court order.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-08861

ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.**     **<u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

       (a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

       (b)     Any Non-Party to this action may designate any Discovery Material produced by it, whether pursuant to subpoena or otherwise, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order, and in so designating the Non-Party and the Parties agree that the restrictions and terms of this Protective Order shall be applicable to all such Discovery Material to the same extent as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material produced by a Party. The non-party producing Discovery Material must first sign a complete copy of this Protective Order and include such signed copy with its production.

       (c)     In the event that a Non-Party produces Discovery Material that, had it been produced by a Party, could have designated by that Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

---

CHICAGO\4551101.1
ID\SMAL - 066383\0170

ONLY," any Party may designate the Discovery Material pursuant to the protocols set forth below. All designations under this paragraph shall be made within fourteen (14) days of the Non-Party's production; provided, however, that if a Party inadvertently fails to designate Discovery Material with the appropriate designation, the procedures of Paragraph 5.3 shall be followed. During the fourteen (14) day period following production, all Non-Party Discovery Materials shall be treated as though they were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)     In the event that a Party is required by a valid discovery request to produce any information held by it subject to an obligation of confidentiality in favor of a Non-Party, the Party shall, promptly upon recognizing that such Non-Party's rights are implicated, provide the Non-Party with a copy of this Protective Order and inform the Non-Party in writing (i) of the Party's obligation to produce such information in connection with this action and of its intention to do so, subject to the protections of this Protective Order; and (ii) of the Non-Party's right within fourteen (14) calendar days to seek further protection from the Court if it objects to the Party's production of such information or regards the provisions of this Protective Order to be inadequate under the circumstances. Thereafter, the Party shall refrain from producing such information for a period of not less than fourteen (14) days in order to permit the Non-Party an opportunity to seek further protection or other relief from the Court. If the Non-Party fails to seek such further protection or other relief from the Court within that period, the Party shall promptly produce the information in question subject to the protections of this Protective Order, or alternatively, shall promptly seek to be relieved of this obligation by the Court.

(e)     Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(f)     A Non-Party's invocation of this Protective Order to protect its information does not entitle that Non-Party to access the "CONFIDENTIAL" or

CHICAGO\4551101.1
ID\SMAL - 066383\0170

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material produced by any Party or other Non-Party in this action, or to information derivative thereof as outlined in Paragraph 3.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**12.    PROSECUTION BAR**

Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person on behalf of the Receiving Party who receives access to one or more items designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by a Producing Party shall not be directly involved in the drafting, amending, or advising on the scope of patent claims in an application or claims amended or added during prosecution for any patent or patent applications relating to the subject matter of this action and any patent or application claiming priority to otherwise related to the patent asserted in this action. These prohibitions are not intended to and shall not preclude

counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, and these prohibitions are not intended to and shall not preclude counsel for the Receiving Party from participating in reexamination, inter partes review proceedings, or covered business method review to defend the validity of any challenged patent, but counsel for the Receiving Party may not participate in the drafting of amended claims in any such proceedings. These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

**13.   MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Central District of California Civil Local Rule 79-5.

**14.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or

CHICAGO\4551101.1
ID\SMAL - 066383\0170

capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-08861

CHICAGO\4551101.1
ID\SMAL - 066383\0170

1  Dated:  July 31, 2015                    DYKEMA GOSSETT LLP

2
                                            By: /s/ Aaron D. Charfoos
3
                                                Allan Gabriel
4                                               Aaron Charfoos
                                                Attorneys for Plaintiffs Linak A/S and
5                                               Linak U.S.

6
                                            FINNEGAN LLP
7  Dated:  July 31, 2015

8                                           By: /s/ Parmanand K. Sharma

9                                               Parmanand K. Sharma
                                                Shaobin Zhu
10                                              Michael C. Elmer
11                                              Attorneys for Defendants CHANGZHOU
                                                KAIDI ELECTRICAL CO., LTD and
12                                              KAIDI, LLC

13

14

15  PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17  DATED: 07/31/15
                                                Patrick J. Walsh
18                                              United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

22<br>STIPULATED PROTECTIVE ORDER<br>Case No. 2:14-cv-08861

CHICAGO\4551101.1
ID\SMAL - 066383\0170

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that
I have read in its entirety and understand the Stipulated Protective Order that was
issued by the United States District Court for the Central District of California on
_____ in the case of *Linak v. Kaidi.*, Case No. 2:14-cv-08861. I agree
to comply with and to be bound by all the terms of this Stipulated Protective Order.  I
solemnly promise that I will not disclose in any manner any information or item that is
subject to this Stipulated Protective Order to any person or entity except in strict
compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court
for the Central District of California for the purpose of enforcing the terms of this
Stipulated Protective Order, even if such enforcement proceedings occur after
termination of this action.

I hereby appoint _____ [print or type full name] of
_____ [print or type full address and
telephone number] as my California agent for service of process in connection with
this action or any proceedings related to enforcement of this Stipulated Protective
Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

23
STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-08861